```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA

                   CHARLESTON
```

**ANDRIA BRYANT**,

    **Plaintiff,**

v.                                          Case No. 2:10-cv-01074

**MATTHEW HARVEY,**
**Charleston Prosecutors Office,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is a civil rights action in which Plaintiff, an apparent victim of offenses allegedly committed by Rhonda North, complains about the disposition of the prosecution of Ms. North by the responsible Kanawha County Assistant Prosecuting Attorney, Matthew Harvey. The Complaint (docket # 2) lacks Plaintiff's signature and a clear statement of the relief she seeks. At the end of the Complaint, Ms. Bryant writes, "The only thing I know to do is to notify the United States District Court and ask for an appeal, along with a civil suit if you find he did not produce to his capability." (# 2, at 2.)

Pending before the court is Plaintiff's Application to Proceed without Prepayment of Fees and Costs (# 1). Pursuant to the provisions of 28 U.S.C. § 1915(e)(2), the court must consider whether to dismiss any case in which a plaintiff has applied to proceed without prepayment of fees and costs. Dismissal is

required if an action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In <u>Bell Atlantic Corp v. Twombly</u>, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." <u>Id.</u> at 555.

The Supreme Court elaborated on its holding in <u>Twombly</u> in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombley*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombley*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[1]

The factual background of the prosecution of Ms. North is set forth in detail in the attachments to Plaintiff's Complaint (# 2-1, at 1-23).  Plaintiff's Complaint alleges that defendant Harvey promised that Ms. North would be convicted and sentenced to jail, lied to Plaintiff, and denied her justice.  Reading the allegations of the Complaint liberally, it appears that Plaintiff alleges that defendant Harvey violated Plaintiff's civil rights by denying her due process of law.  Ms. North's sentence was unsupervised probation for one year, restitution of $100 and court costs.  (# 2-1, at 4.)  The undersigned does not propose a finding as to whether a victim has a right to due process, as it is not necessary to disposition of this case.

In Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976), the Supreme Court held that prosecutors are absolutely immune from liability under § 1983 for their conduct in "initiating a

---

[1] A motion to dismiss has not been filed in this case yet. Such a motion, filed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915(e)(2).

prosecution and in presenting the State's case," insofar as that conduct is "intimately associated with the judicial phase of the criminal process."  The allegations against the prosecutor in Imbler were that he knowingly used false testimony at trial and that he deliberately suppressed exculpatory evidence.

Since Imbler, the Supreme Court has decided several cases in which it has used a functional analysis to determine whether absolute immunity applies to the actions of a prosecutor.  In Burns v. Reed, 500 U.S. 478, 492 (1991), the Court held that absolute immunity applies to a prosecutor's pretrial court appearances in support of taking criminal action against a suspect (in Burns, the appearance was for the purpose of applying for a search warrant). With respect to the function of giving legal advice to the police, the Court held that absolute immunity did not apply.  500 U.S. at 496.

In Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993), the Court held that "[w]hen a prosecutor performs the investigative functions normally performed by a detective or police officer, it is 'neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other'" (quoting Hampton v. Chicago, 484 F.2d 602, 608 (7th Cir. 1973).

> A prosecutor may not shield his investigative work with the aegis of absolute immunity merely because, after a suspect is eventually arrested, indicted, and tried, that work may be retrospectively described as "preparation" for a possible trial; every prosecutor might then shield himself from liability for any constitutional wrong

4

>against innocent citizens by ensuring that they go to trial. When the functions of prosecutors and detectives are the same, as they were here, the immunity that protects them is also the same.

509 U.S. at 276. The Court further held that a prosecutor's statements to the media are not entitled to absolute immunity. Id. at 277. "Comments to the media have no functional tie to the judicial process just because they are made by a prosecutor." Id.

In Kalina v. Fletcher, 522 U.S. 118 (1997), the Supreme Court held that a prosecutor was entitled to absolute immunity for the preparation and filing of an information and a motion for an arrest warrant, but not for executing an affidavit under penalty of perjury in support of the information.

Finally, in Van de Kamp v. Goldstein, 129 S. Ct. 855, 861-62 (2009), the Court held that "prosecutors involved in . . . supervision or training or information-system management [relating to impeachment material of witnesses] enjoy absolute immunity."

Based on these rulings, the undersigned proposes that the presiding District Judge **FIND** that defendant Harvey is absolutely immune from liability based on Plaintiff's claims relating to the prosecution of Rhonda North.

Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2) for failing to state a claim upon which relief can be granted and for seeking monetary relief against a defendant who is immune from such

5

relief and that Plaintiff's Application to Proceed without Prepayment of Fees and Costs be denied.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Chief Judge Goodwin.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

   September 14, 2010
          Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge